UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

| | |
|---|---|
| DEIVI GOMEZ, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiffs,<br>-vs-<br><br>CHICK-N-SMASH, CORP. and NORMAN ALSAIDI<br><br>Defendants. | Case No.:<br><br>**COLLECTIVE ACTION COMPLAINT WITH JURY DEMAND** |

---------------------------------------------------------------X

Plaintiff, DEIVI GOMEZ, (hereinafter "Plaintiff"), on behalf of himself and all others similarly situated (collectively as "FLSA Plaintiffs") by and through his attorneys, THE LAW OFFICES OF WILLIAM CAFARO, as and for his Complaint against CHICK-N-SMASH, CORP. ("Chick-N-Smash "), and NORMAN ALSAIDI ("Alsaidi") (together as "Defendants"), allege upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1. This is a civil action for damages and equitable relief based upon Defendants' flagrant and willful violations of Plaintiff's rights guaranteed to him by: (i) the overtime wage provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*.; (ii) the overtime provisions of NYLL § 160 and the corresponding N.Y. Comp. Codes R. & Regs ("NYCCRR"); (iii) the requirement that employers furnish employees with wage statements on each payday containing specific categories of information under the NYLL § 195(3); (iv) the requirement that employers furnish employees with a wage notice at the time of hiring containing specific

categories of accurate information, NYLL § 195(1); and (v) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - a restaurant and its owner/manager -- as a food preparer and cleaner from on or about July 14, 2024 to on or about March 17, 2025.

3. Throughout their employment, Defendants failed to pay Plaintiff, as well as the FLSA Plaintiffs, all of the wages due to them under the law, including overtime wages.

4. Defendants failed to furnish Plaintiffs with accurate wage statements on each payday as the NYLL requires. Specifically, Defendants' wage statements showed fewer hours than what the Plaintiffs actually worked, which prevented the Plaintiffs from determining and seeking payment for the precise amount of unpaid wages. As such, Plaintiffs were harmed by being deprived of their income for longer than they would have been had they been able to timely raise their underpayment earlier. Defendants' failure to provide accurate notices not only denied Plaintiff the time-value of the underpayments he seeks to recover in this action but also resulted in continued practice of paying Plaintiff less than one and one-half times his regular rate for hours that he worked after 40 hours per workweek.

5. Defendants paid and treated all their employees who worked for them in the same manner.

6. Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' willful violations of the FLSA. Plaintiff also brings his claims under the NYLL and its implementing regulations on behalf of himself, individually, and on behalf of any FLSA Plaintiff who opts into this action.

## JURISDICTION AND VENUE

7. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367, which confers supplemental jurisdiction on this Court for claims arising under New York law.

8. Venue is based upon 28 U.S.C. § 1391(b)(1), insofar as at least one of the Defendants resides within this Judicial District, and (b)(2), insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

## PARTIES

9. At all relevant times, Plaintiff is a resident of the State of New York, resides in Queens County, and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCCRR.

10. At all relevant times herein, Chick-N-Smash was and is a domestic business corporation with its principal place of business located at 231 1st Ave, New York, NY 10003.

11. At all relevant times herein, Defendant Alsaidi was a resident of the State of New York and had an actual place of business located at 231 1st Ave, New York, NY 10003.

12. At all relevant times herein, Defendant Alsaidi was the president, and/or owner, and/or day-to-day overseer of Chick-N-Smash. As such, Alsaidi was responsible for hiring and firing employees, determining their rates and methods of pay and the hours that employees were required to work.

13. Defendant Alsaidi owns more than ten percent of the beneficial interest of Chick-N-Smash.

14. At all relevant times herein, Defendants were "employers" within the meaning of the FLSA, NYLL, and the NYCCRR.

15. Upon information and belief, for the calendar year 2022 the gross receipts of Chick-N-Smash were not less than $500,000.00.

16. Upon information and belief, for the calendar year 2023 the gross receipts of Chick-N-Smash were not less than $500,000.00.

17. Upon information and belief, for the calendar year 2024 the gross receipts of Chick-N-Smash were not less than $500,000.00.

18. Upon information and belief, for the calendar year 2025 the gross receipts of Chick-N-Smash will not be less than $500,000.00.

19. Defendants were engaged in interstate commerce within the meaning of the FLSA as they used supplies in the course of business, much of which originated in states other than New York, the combination of which subjects Defendant to the FLSA's overtime requirements as an enterprise. These items include, but are not limited to, forks, spoons, napkins, plastic bags and food containers.

20. Furthermore, all of Defendants' employees, including Plaintiff, and the FLSA Plaintiffs were individually engaged in interstate commerce as they frequently used goods that have been, and continue to be, moved in interstate commerce. These items include, but are not limited to, forks, spoons, napkins, plastic bags and food containers. This independently subjects Defendants to the overtime wage requirements of the FLSA with respect to Plaintiffs and the FLSA Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

21. Plaintiff seeks to bring this suit to recover from Defendants his full payment of all unpaid overtime compensation and liquidated damages under the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former employees of Defendants who, during the applicable FLSA limitations period, performed any work for Defendants as non-managerial, non-exempt employees who give consent to file a claim to recover damages for overtime compensation that is legally due to them for time worked in excess of forty hours per week ("FLSA Plaintiffs").

22. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours each workweek; (5) were not paid the required minimum wage rate; and (6) were not paid the required rate of one and one-half times their respective regular rates of pay for all hours worked over forty in a workweek.

23. At all relevant times, Defendants were aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at an amount equal to one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet Defendants purposefully chose not to do so. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation, in violation of the FLSA.

## BACKGROUND FACTS

24. At all times herein pertinent, and in the course of his duties, Plaintiff regularly handled products which had been moved in commerce, including, but not limited to, forks, spoons, napkins, plastic bags and food containers.

25. Plaintiff's primary duties did not include the exercise of discretion and independent judgment with respect to any matters of significance.

26. Throughout his employment with the Defendants, Plaintiff worked for Defendants as food preparer and cleaner. Throughout his employment, his job duties included, but were not limited to, preparing food orders, sweeping floors, mopping floors, taking out trash and stocking Defendants' merchandise.

27. Defendants failed to post required notices regarding payment of minimum and overtime wages as required by the FLSA and NYLL.

28. Defendants required Plaintiff to work – and he did in fact work – from on or about July 14, 2024 until on or about August 14, 2024, Thursday through Sunday, inclusive, from 5:00pm until 5:00am; from on or about August 15, 2024 until on or about November 1, 2024, Sunday through Saturday, inclusive, from 10:00am until 2:00am; from on or about November 25, 2024 until on or about February 25, 2025, Sunday through Saturday, inclusive, from 10:00am until 2:00am; from on or about February 26, 2025 until on or about March 17, 2025, Wednesday from 10:00am until 1:00am and Thursday through Monday, inclusive, from 5:00pm until 1:00am.

29. For the schedule outlined above, Defendants paid Plaintiff $18.00 per work hour.

30. Defendants failed to compensate Plaintiff at the statutorily-required overtime rate for all hours that he worked over 40 in violation of the FLSA and NYLL. Instead, Defendant paid Plaintiff a flat rate of $18.00 per hour.

31. Throughout his entire employment, Defendants suffered or permitted Plaintiff to work over 10 hours per day. During such workdays, Defendants failed to compensate Plaintiff for any spread of hours pay at the prevailing minimum wage for each day during which there was a split shift, and/or the spread of hours exceeded 10 hours.

32. Throughout Plaintiff's entire employment, Defendants failed to provide him with wage statements that properly reflected the amount of hours that he actually worked, his regular rate of pay, or his overtime rate of pay for each hour he worked in excess of forty hours in a given workweek.

33. Defendants intentionally did not provide Plaintiff with a wage notice at the time of his hire, or at any time thereafter, containing any of the following information: his rates of pay and basis thereof; whether Plaintiff was paid by the hour, shift, day, week, salary, piece, commission, or other; whether any allowances were claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by Defendants; the name and physical addresses of Defendants; any "doing business as" names used by Defendants; and Defendants' mailing addresses and telephone numbers.

34. Defendants' failure to properly state Plaintiff's regular rate and overtime rate upon hire, and failure to properly state Plaintiff's correct overtime rate of pay each pay period, prevented Plaintiff from knowing to what extent he had been underpaid and seeking payment for the precise amount of his unpaid wages.

35. Despite Plaintiff's repeated complaints about Defendants paying him improperly (i.e., not paying him overtime or other compensation due to him), Defendants willfully failed to pay him properly. Indeed, they acted in the manner described herein so as to maximize their profits while minimizing their labor costs.

36. Every hour that Plaintiff worked was for Defendants' benefit.

37. Defendants treated all FLSA Plaintiffs in the manner described above.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime under the FLSA*

38. Plaintiff and the FLSA Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

39. Defendants were required to directly pay the Plaintiff and the FLSA Plaintiffs an overtime premium of one and one-half times their regular rate of pay for all hours worked over forty (40) in a given workweek.

40. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and the FLSA Plaintiffs are employees within the meaning of the FLSA.

41. As also described above, Plaintiff and the FLSA Plaintiffs worked in excess of forty (40) hours per week, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

42. The Defendants willfully violated the FLSA.

43. As such, Plaintiff and the FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty (40) at the rate of one and one-half times their respective standard rate of pay.

44. Plaintiff and the FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for the Defendants' violation of the FLSA's overtime provisions.

45. All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

***SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS***
*Unpaid Overtime under the NYLL*

46. Plaintiff and any FLSA Plaintiff who opts into this action hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

47. Defendants were required to directly pay the Plaintiff and FLSA Plaintiffs an overtime premium of one and one-half times their regular rate of pay for all hours worked over forty (40) in a given workweek.

48. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the NYLL.

49. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty (40) hours per week, yet Defendants failed to compensate them in accordance with the NYLL's overtime provisions.

50. Due to Defendants' violations of the New York Labor Law, Plaintiff and any FLSA Plaintiff who opts into this action are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

***THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS***
*Failure to Pay Spread of Hours*

51. The Plaintiff and any FLSA Plaintiff who opts into this action hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

52. Defendants have willfully failed to pay Plaintiff and FLSA Plaintiffs additional compensation of one hour's pay at the basic minimum hourly wage rate for each day that the length of the interval between the beginning and end of their workday – including working time plus time off for meals plus intervals off duty - has been greater than 10 hours.

53. Through their knowing or intentional failure to pay Plaintiff and FLSA Plaintiffs spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, § § 650 et seq., and the supporting New York State Department of Labor Regulations.

54. Due to Defendants' violations of the NYLL, Plaintiff and FLSA Plaintiffs are entitled to recover from Defendants their unpaid spread-of-hours wages, liquidated damages, as provided for by the NYLL, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Wage Statements in Violation of the NYLL*

55. Plaintiff and any FLSA Plaintiff who opts into this action hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

56. NYLL § 195(3) requires employers to furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to employees.

57. As described above, the Defendants willfully failed to furnish Plaintiff and FLSA Plaintiffs with accurate wage statements containing the criteria required under the NYLL.

58. Pursuant to NYLL § 198(1-d), Defendants are liable to the Plaintiff and FLSA Plaintiffs in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Proper Wage Notices in Violation of the NYLL*

59. Plaintiff and any FLSA Plaintiff who opts into this action hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

60. The NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

61. Each Defendant is an employer within the meaning of the NYLL and the NYCCRR, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the NYLL and the NYCCRR.

62. Defendants willfully failed to provide Plaintiff and FLSA Plaintiffs with a wage notice containing the criteria enumerated under the NYLL.

63. Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff and FLSA Plaintiffs in the amount of $50 for each workday after the violations initially occurred, up to a statutory cap of $5,000.

## DEMAND FOR A JURY TRIAL

64. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against the Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their agents, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against any individual for participating in any form in this lawsuit;

d. Designation of this action as a FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA

Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages, any short fall between wages paid and those due under the law that Plaintiff would have received but for the Defendants' unlawful payment practices;

f. Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

g. Awarding Plaintiff and FLSA Plaintiffs their costs and disbursements incurred regarding this action, including reasonable attorneys' fees, expert witness fees, and other costs;

h. Designation of Plaintiff and his counsel as collective action representatives under the FLSA and the FRCP;

i. Designation of Plaintiff and their counsel as collective/class action representatives under the FLSA and the FRCP;

j. Awarding punitive damages;

k. Pre-judgment and post-judgment interest, as provided by law;

l. Awarding such other and further relief as available under the statues; and

m. Granting Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: New York, New York
July 31, 2025

Respectfully submitted,
LAW OFFICES OF WILLIAM CAFARO



Amit Kumar, Esq.

*Attorneys for Plaintiff as well*
*as the putative collective*
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
AKumar@Cafaroesq.com